IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OTTO AND WANDA
PUEMPEL,

    Plaintiffs,

v.                                                      Civ. No.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

    Defendant.

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, misnamed in the caption as State Farm Mutual Automobile Insurance Company, ("State Farm"), by and through counsel of record, Miller Stratvert P.A., hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico as follows:

    1.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, State Farm hereby gives notice of removal of all counts and claims asserted by Plaintiff in the civil action filed in the Second Judicial District, County of Bernalillo, State of New Mexico, styled: *Otto and Wanda Puempel v. State Farm Mutual Automobile Insurance Company*; Eighth Judicial District Cause No. (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on State Farm to date are attached hereto as *Exhibit 1* (copy of the below-defined Complaint).

    2.    Plaintiffs' original filing, "Complaint for Breach of Contract, Insurance Bad Faith, Unfair Insurance Practices, and Unfair Trade Practices" (hereinafter the "Complaint"), was filed in the Eight Judicial District Court on June 30, 2023. [*See* Exhibit A]  Service was accepted by the Superintendent of Insurance on July 11, 2023.  Pursuant to NMSA 1978, Section 59A-

1

5-32(C), if summons is served through the Superintendent of Insurance, the insurer has an additional 10 days to respond to Plaintiffs' Complaint.  Notice of removal is properly filed within the 40-day requirement pursuant to NMSA 1978, § 59A-5-32(C) and 28 U.S.C. § 1446(b).

3. State Farm states that this is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and State Farm, and the amount in controversy exceeds $75,000.00.

4. The Complaint asserts that Plaintiffs are residents of the State of Texas. [Complaint ¶ 2]

5. The Complaint further asserts that Plaintiffs insured their dwelling at 3 Wheeler Peak Road in Red River in Taos County, New Mexico under a State Farm homeowners' insurance policy.  [*Id.* ¶ 5]

6. Defendant State Farm is a resident of the State of Illinois, as it is incorporated in Illinois and has its principal place of business in the State of Illinois.

7. State Farm has consented to the removal of this matter to the United States District Court for the District of New Mexico.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. The following is established on the face of the Complaint.  This case involves an actual controversy between Plaintiffs and State Farm regarding alleged damages to Plaintiff's property following a weather event that occurred on or around December 15, 2021 in Bernalillo County. [Complaint ¶ 10] Plaintiffs allege that their vacation home was "severely damaged initially by freezing wind storms," allege that "Taos area wind speeds were greater than seventy-five (75) to one hundred (100) miles an hour." [Complaint ¶¶ 10, 11]  Plaintiffs further allege

that down power poles resulted in "a loss of power, frozen and then later burst pipes and flooding in various damaged dwellings throughout Taos County, including Plaintiffs' [*sic*] insured vacation dwelling." [Complaint, ¶ 12]   Plaintiffs claim that State Farm "failed to adequately investigate [the] Claim," and failed to "comply with the policies' [*sic*] appraisal provisions." [Complaint ¶¶ 15, 68]

10. Plaintiffs seek compensation for breach of insurance contract.  [Complaint ¶¶ 69-78]

11. Plaintiffs also allege that State Farm's conduct constitutes insurance bad faith and breach of fiduciary duty.  [Complaint ¶¶ 79-86]

12. Plaintiffs further allege that Defendant's conduct constitutes Unfair Insurance Claim Practices. [Complaint ¶¶ 87-94]

13. Plaintiffs also allege that State Farm engaged in Unfair Trade Practices. [Complaint ¶¶ 95-97]

14. Without admitting any of the foregoing allegations, State Farm respectfully submits that the aggregate "value" of what Plaintiffs seek to recover in this case exceeds $75,000.00.   *See Wiatt v. State Farm Ins. Co.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (the court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

15. The United States Supreme Court has clarified that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.   Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. Notice of the filing is being provided to Plaintiff as required by 28 U.S.C. § 1446(d).

17. A copy of this Notice will be filed with the Clerk for the District Court for Taos County in the State Court Action as required under 28 U.S.C. § 1446(d).

18. State Farm requests a jury of all issues that may be tried to a jury.

Respectfully submitted,

MILLER STRATVERT P.A.

By */s/ Todd A. Schwarz*
 Todd A. Schwarz
 *Attorneys for Defendant*
 Post Office Box 25687
 Albuquerque, NM 87125
 Phone: (505) 842-1950
 Fax: (505) 243-4408
 tschwarz@mstlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of August, 2023, a copy of the foregoing was electronically filed through the CM/ECF system, and that a copy of the foregoing was sent via email to the following:

Richard J. Valle
Valle, O'Cleireachin, Zamora and Harris, P.C.
1805 Rio Grande Blvd. NW, Ste 2
Albuquerque, New Mexico 87104
(505)888-0515
rv@vozhlaw.com


*/s/ Todd A. Schwarz*
Todd A. Schwarz

\\abq-tamarack\prodata\000065-053334\pleadings\5012949.docx